IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


MARTHA SMITH, BRIAN SMITH,
SHAWN SMITH                                                                                      PLAINTIFF

VS.                                            NO. 4:05CV001930

CITY OF JACKSONVILLE; A Municipal
Corporation; and BRETT HIBBS; AMANDA
CHAPMAN; KIMBERLY LETT; ROBERT
SLASH; CHRIS ERICKSON; SETH CORBEN;
JERRY KEEFER; RUSSELL NUSSER;
CHARLES HUGHES, in their individual and
official capacities                                                                             DEFENDANTS


**ORDER**

Pending is plaintiffs' motion for a new trial of five claims. (Docket # 68). The defendant has responded. Plaintiffs argue that they are entitled to a new trial of five claims: (1) the claim of each of the three plaintiffs for an unreasonable search of the family home (against defendants Corben, Erickson, Hibbs, Keefer, and Slash; provided that plaintiffs do not seek a new trial of their search claims with regard to Ms. Chapman, Ms. Lett, or the City of Jacksonville); (2) the claim of Martha Smith for an unreasonable seizure of her person (against defendants Keefer and Slash); and (3) the claim of Martha Smith for excessive force (against defendant Keefer).

Plaintiffs make the following arguments in support of their motion: (1) in the light of governing law and the relevant jury instruction, the exoneration of Defendants Corben, Erickson, Keefer and Slash on the three plaintiffs' search claims was contrary to the great weight of the evidence; (2) with regard to liability, re-trial of the search claims against Defendant Hibbs is necessary in order to provide a fair and orderly presentation to the jury, and to allow the determination of proper damages; (3) in the light of governing law and the relevant jury

instructions, the exoneration of Defendants Keefer and Corben on Martha Smith's seizure claim was contrary to the great weight of the evidence; (4) in the light of governing law and the relevant jury instructions, the exoneration of Defendant Keefer on Martha Smith's excessive force claim was contrary to the great weight of the evidence; (5) in the light of governing law, the relevant jury instructions, and the great weight of the evidence, jury verdicts favorable to Martha Smith on her search claim against Defendants Keefer and Slash would be decisive on her seizure and excessive force claims against both of them and Defendant Keefer, respectively; (6) the rights asserted in the five claims are of fundamental importance in this nation, "the land of the free," striving to provide "liberty and justice for all; "(7) the resolution of each of the five claims in favor of the defendants, contrary to the great weight of the evidence, constitutes a miscarriage of justice; (8) the gross inadequacy of the jury verdicts adds to the "miscarriage of justice" resulting from the jury verdicts on the five claims; (9) in the alternative, each of the jury verdicts constitutes a "miscarriage of justice" due to it's gross inadequacy.

Trial in this matter was held on July 30 through August 2, 2007. The jury returned a verdict in favor of plaintiffs on their unreasonable search claim against Defendant Brett Hibbs and awarded damages to Brian Smith in the amount of $1.00, to Martha Smith in the amount of $7,500.00 and to Shawn Smith in the amount of $1.00. All remaining verdicts were entered in favor of the defendants.   "The grant of a motion for a new trial is inappropriate unless 'the verdict is against the weight of the evidence and [ ] allowing it to stand would result in a miscarriage of justice.'" *Jones v. TEK Industries, Inc*. 319 F.3d 355, 358 (8th Cir. 2003). "A district court, while possessing the discretion to set aside a jury verdict and grant a new trial, may not do so simply because a different verdict could have been reached or because it decides a different result would be more reasonable. . . . Rather, the court must conclude that the jury

reached a seriously erroneous result." *Trinity Products, Inc. v. Burgess Steel, LLC* 2006 WL 903241, 2 (E.D.Mo.2006), *citations omitted*.

Following a review of the arguments of the parties the Court finds that the plaintiffs are not entitled to a new trial. The jury considered testimony and evidence on the "should have known" issue and the Court cannot state that the jury reached a seriously erroneous result. *See, Blake v. J.C. Penney Co., Inc.*, 894 F.2d 274, 281 (8th Cir. 1990). Further, the jury heard testimony and considered evidence on plaintiff's excessive force and seizure claims and the Court cannot state that the verdicts on these claims go against the weight of the evidence.

The Court finds that there was sufficient evidence to support the jury's verdicts and the Court cannot state that the verdicts go against the weight of the evidence so as to result in a miscarriage of justice. Accordingly, plaintiffs' motion for a new trial, docket # 68 is denied.

IT IS SO ORDERED this 25th day of September, 2007.

*[signature]*
James M. Moody
United States District Judge