IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARTHA SMITH, BRIAN SMITH,**
**SHAWN SMITH**                                                                              **PLAINTIFF**

VS.                                      NO. 4:05CV001930

**CITY OF JACKSONVILLE; A Municipal**
**Corporation; and BRETT HIBBS; AMANDA**
**CHAPMAN; KIMBERLY LETT; ROBERT**
**SLASH; CHRIS ERICKSON; SETH CORBEN;**
**JERRY KEEFER; RUSSELL NUSSER;**
**CHARLES HUGHES, in their individual and**
**official capacities**                                                                     **DEFENDANTS**

## ORDER

Pending before the Court is Plaintiffs' application for attorney's fees and costs (Docket # 77) to which Defendants have responded.

On August 2, 2007, following a four day jury trial, the Plaintiffs presented claims to the jury against Defendants. The jury found in favor of Plaintiff, Martha Smith on her unreasonable search claim against Defendant Brett Hibbs awarding her damages in the amount of $ 7,500.00; in favor of Plaintiffs' Brian and Shawn Smith on their unreasonable search claims against Brett Hibbs awarding damages in the amount of $1.00 each. All remaining verdicts were entered in favor of the Defendants.

Plaintiffs ask for attorneys' fees of $41,512.00 and costs in the amount of $1,508.71. The billing record that accompanied Plaintiffs' motion reflects requested time of 140.8 hours spent on the case performed by Mr. Pressman and 8 hours performed by Ms. Springer. Plaintiffs

request an hourly rate of $290.00 for time spent by Mr. Pressman and $85.00 per hour for time spent by Ms. Springer.

Defendants object to the Plaintiffs' fee request on numerous grounds, including Plaintiffs' partial success and excessive time based on the degree of success.

Title 42 U.S.C. § 1988 provides that in federal civil rights actions "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." In cases such as this one, the thrust of the fee award is the "lodestar" determination- the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In making the lodestar determination, the Court also considered the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981)(adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)):

>   a.   time and labor required;
>   b.   novelty and difficulty of the questions;
>   c.   skill requisite to perform the legal service properly;
>   d.   preclusion of other employment, due to acceptance of case;
>   e.   the customary fee;
>   f.   whether the fee is fixed or contingent;
>   g.   time limitations imposed by the client or the circumstances;
>   h.   the amount involved and the results obtained;
>   i.   the experience, reputation, and ability of the attorneys;
>   j.   the undesirability of the case;
>   k.   the nature and length of the professional relationship with the client;
>   l.   awards in similar cases.

*Hensley,* 461 U.S. at 429-30.  In certain cases, the Court may further consider these twelve factors in determining whether to adjust the lodestar upward or downward to arrive at an

appropriate fee. *Id.* "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees. . . ." *Id.* at 440.

The Court considers an hourly rate of $250.00 to be more reasonable and customary for calculating the fee for Plaintiffs' attorney. The Court finds the voluntary reduction in time spent suggested by Plaintiffs reasonable in light of their partial success. Additionally, the Court finds the fee and time requested for Ms. Springer reasonable and appropriate. Accordingly, the Court awards a total attorney's fees of $35,880.00. Defendants do not object to the costs requested by Plaintiffs. Accordingly, Plaintiffs are awarded $1,508.71 in costs. In light of Plaintiffs' recovery, the award of fees and costs seems adequate and is not intended as any criticism of the amount or quality of the efforts of Plaintiffs' counsel.

IT IS THEREFORE ORDERED, after consideration of the application and briefs, that attorney's fees in the amount of $37,388.71 be and is hereby awarded to Plaintiffs.

Dated this 28th day of November, 2007.

_____
James M. Moody
United States District Judge